JOHN JETER, Administrator, *v.* SANDALL & HARDEE, Administrators.

"This is to certify, that I have this day made a full and final settlement with *W. H. Gaulden*, which is in full of all and every demand up to this date.        (Signed,)        *John Jeter.*"
Such an instrument, unexplained, held to be insufficient evidence of the payment of a debt due by *Gaulden* at the date of the instrument, to an estate of which *Jeter* was administrator.

A PPEAL from the District Court of East Feliciana. *Sterling,* J.
P. *Pond, Jr.,* for plaintiff and appellant. *J. H. Muse,* for defendant, appellee.

VOORHIES, J. At the probate sale of the succession of *John A. Beckham,* deceased, *Wade H. Gaulden* became the purchaser of two slaves for the price of $1,800, payable in three equal annual instalments, and bearing ten per cent. interest from time due. At the same sale and on the same terms, a negro woman and her child were adjudicated to *M. G. Gaulden,* for the price of $726, with *Wade H. Gaulden* as his security *in solido.* The latter having subsequently died, *Wm. Sandall* and *D. C. Hardee,* were appointed administrators of his estate. The object of this suit, which is instituted against them in their representative capacity, is to enforce the payment of these two sums, amounting in the aggregate to $2,526, besides interest.

The defendants in their answer, acknowledge the signature of the deceased, but aver that his indebtedness was extinguished by payment.

The Court below rendered a judgment in favor of the plaintiffs for the sum of $726, with interest at the rate of ten per cent, on the sum of $242 from the 1st January, 1843; a like interest on $242 from the 1st January, 1844; and a

JETER
v.
SANDALL.

like interest on the remaining sum of $242 from the 1st January, 1845, until paid, subject to a credit of $729 paid, under the seizure and sale of the 9th October, 1848; and rejected the balance of the plaintiff's claim. From which judgment the plaintiff has appealed.

The estate of *Wade H. Gaulden*, deceased, is clearly entitled to the following credits, to-wit : $1,030 96, paid on the 1st of March, 1848, and $735 37, paid on the 9th October, 1848. The defendants offered in evidence .the following document :

"KELLERTOWN, March 5th, 1849.

This is to certify that I have this day made a full and final settlement with *Wade H. Gaulden*, which is in full of all and every demand up to this date.

*John Jeter.*"

The plaintiff objected to the admissibility of this document, on the ground that it was not signed by *John Jeter*, in his capacity of administrator, and specified no amount. It was signed by *John Jeter*, apparently in his own right, and does not purport to be a receipt for payment, but simply a certificate of final settlement with *Gaulden.* Without deciding the question, submitted to our consideration under the bill of exception in the record, as to the admissibilty of this instrument, it is enough to say that we do not consider it by itself sufficient evidence to establish the payment of the claim due by *Gaulden* to the estate of *Beckham* unconnected, as it appears, in any way with the official acts of *John Jeter.* See 4 R. R. 407.

It is therefore ordered and decreed that the judgment of the District Court be avoided and reversed, and that the plaintiff recover of the defendants as administrators of the estate of *Wade H. Gaulden*, deceased, in due course of administration, the sum of twenty-five hundred and twenty-six dollars, with ten per cent. interest per annum on one third thereof from the 1st of January, 1843, on a like amount from the 1st of January, 1844, and on the residue from the 1st January, 1845, subject to the following credit : $1,030 96, paid 1st March, 1848, and $735 37, paid the 9th October, 1848, the defendants and appellees to pay the costs of both Courts.